[Civil No. 846.   Filed March 26, 1904.]

[76 Pac. 470.]

JAKE MARKS, and B. M. CRAWFORD, Defendants and Appellants, v. THE BRADSHAW MOUNTAIN RAILROAD COMPANY, a Corporation, Plaintiff and Appellee.

1. Condemnation Proceedings — Evidence—Damages—Harmless Error.—The exclusion of the opinion of defendant's witness as to the value of the mine in a condemnation proceeding, if error, is harmless where two other of defendant's witnesses have clearly testified that the value was as alleged in the answer, and no issue is raised as to such value.

2. Same—Same—Benefits—Harmless Error.—The admission of evidence in condemnation proceedings, that defendant's property had been benefited, if error, is harmless, the finding of the jury being that there were neither damages nor benefits.

3. Same — Findings—Value—Property Actually Taken—Waiver.— Although the owner of land sought to be condemned for a right of way is entitled to the full value of the land actually taken, a finding that such land had no value is warranted where defendant, upon the trial before the jury, expressly waives the right to recover for the strip taken.

4. Same — Injuries to Land not Taken — Findings — Supported by Evidence—Will not be Disturbed.—While in condemnation proceedings the owner is entitled to compensation for injuries resulting from the construction of a railroad to the portion of the land not taken, the verdict of the jury that no injury had been suffered will not be disturbed where there is substantial evidence to support it.

5. Same—Constitutional Law — Appeal and Error — New Question on Appeal.—A question as to the constitutionality of a statute allowing plaintiff in condemnation proceedings to enter before decree, and fixing the damages therefor at ten per cent of the award, cannot be raised by the defendant for the first time on appeal, it only affecting that portion of the act relating to possession before final decree, and having no effect upon the subsequent proceedings, and being entirely immaterial where no verdict for damages was returned.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. R. E. Sloan, Judge.   Affirmed.

The facts are stated in the opinion.

J. F. Wilson, and Hawkins, Ross & Anderson, for Appellants.

The market value of property sought to be taken under eminent domain proceedings is not the sole or exclusive measure of damages to be awarded to the owner, and, under the circumstances shown in this case, a witness having the knowledge shown to have been possessed by Mr. Marks is competent to testify to the value of the property in dispute, although he has no knowledge of sales of similar property in the neighborhood. *St. Louis etc. R. R. Co.* v. *Chapman,* 38 Kan. 307, 5 Am. St. Rep. 744, 16 Pac. 695; *Le Roy etc. Ry. Co.* v. *Hawk,* 39 Kan. 638, 7 Am. St. Rep. 566, 18 Pac. 943; *San Diego Land etc. Co.* v. *Neale,* 78 Cal. 63, 20 Pac. 372, 3 L. R. A. 89, 88 Cal. 50, 25 Pac. 977, 11 L. R. A. 604; *Montana Ry. Co.* v. *Warren,* 137 U. S. 348, 11 Sup. Ct. Rep. 96, 34 L. Ed. 681.

In arriving at the amount of compensation payable to appellants on account of the taking of their property, it is not permissible under our statute or under the federal constitution to offset against the actual damages or deprivation proven general benefits which may have accrued to the property in question, in common with other property of the same character situated in the Bradshaw Mountains by reason of the building of the appellee's railroad. *Monongahela Navigation Co.* v. *United States,* 148 U. S. 312, 13 Sup. Ct. Rep. 622, 37 L. Ed. 463; *Bauman* v. *Ross,* 167 U. S. 548, 17 Sup. Ct. Rep. 966, 42 L. Ed. 270; *McReynolds* v. *Burlington etc. Ry. Co.,* 106 Ill. 152; *Tobie* v. *Brown County Commrs.,* 20 Kan. 14; *Harris* v. *Schuylkill etc. R. R. Co.,* 141 Pa. St. 242, 23 Am. St. Rep. 278, 21 Atl. 590; *Combs* v. *Smith,* 78 Mo. 32; *Meachem* v. *Fitchburg Ry. Co.,* 4 Cush. 298; *Natchez etc. R. R. Co.* v. *Currie,* 62 Miss. 506; *Chicago etc. R. R. Co.* v. *Blake,* 116 Ill. 163, 4 N. E. 488; *Milwaukee etc. R. R. Co.* v. *Eble,* 3 Pinn. 334; *St. Louis etc. Ry. Co.* v. *Fowler,* 113 Mo. 458, 20 S. W. 1069; *City of Paris* v. *Mason,* 37 Tex. 447; *Washington Ice Co.* v. *City of Chicago,* 147 Ill. 327, 37 Am. St. Rep. 222, 35 N. E. 378; *Little Rock etc. Ry. Co.* v. *Allister,* 68 Ark. 600, 60 S. W. 953.

Thus, the fact that the railroad building upon one's land is a trunk line does not constitute a special benefit. *Laflin* v. *Chicago etc. R. R. Co.,* 33 Fed. 415; *Mangles* v. *Freeholders,* 55 N. J. L. 88, 25 Atl. 222, 17 L. R. A. 785; *Pittsburgh etc.*

*Ry. Co.* v. *McCloskey,* 110 Pa. St. 436, 1 Atl. 555; *Commis. sioners* v. *O'Sullivan,* 17 Kan. 58.

Appellants are entitled to recover from appellee the full value of the land actually taken, and for all injuries appreciably resulting from the construction of the railroad to that part of the mining claims not taken by appellee. *Chicago etc. Ry. Co.* v. *Wolf,* 137 Ill. 360, 27 N. E. 78; *Chicago etc. Ry. Co.* v. *McGrew,* 104 Mo. 282, 15 S. W. 931; *Orange Belt R. R. Co.* v. *Craver,* 32 Fla. 28, 13 South. 444.

T. J. Norton, for Appellee.

KENT, C. J.—The appellee, the Bradshaw Mountain Railroad Company, in constructing its railroad, found it necessary to cross a certain mining claim known as the "Contention" claim, belonging to the appellants. The company instituted condemnation proceedings for a right of way over the ground, as provided by our statutes, executed the necessary bond, took possession under an order of the court, and built its railroad across the claim. The defendants, the appellants in this court, made answer, alleging damage by reason of the taking of the right of way, in that the railroad passed in the direction of the vein of the claim, and prevented the free use and operation of the mine. They alleged the value of the claim to be twenty-five thousand dollars, and the damage resulting from the interference with the free use and operation of the mine to be the sum of six thousand dollars. The plaintiff, in reply, denied that the railroad traversed the vein as specified; alleged that no damage had resulted, or would result, to the defendants by reason of the crossing of the railroad over the premises, or that the free use and operation of the mine was thereby obstructed; and alleged that the construction of the railroad was a benefit to the defendants, rather than an injury. The case was tried on the issues thus raised, the allegations of the complaint as to damage to another mining claim of the defendants, known as the "Lucky Cuss," not being pressed upon the trial or involved in this appeal.

Evidence was introduced at the trial on the part of the defendants to show the value of the mining claim as a whole, and to show that the location of the railroad and the right of way sought to be condemned prevented the free operation

of the mine, particularly with regard to the construction of shafts and hoists upon the property, and caused loss and damage to the defendants. No evidence was given as to the value of the strip itself taken by the railroad company. The plaintiff introduced evidence to show that the location of the railroad across the property did not interfere with the free use and operation of the mine, and that the defendants had suffered no damage thereby; and also evidence to show that general and special benefits had resulted to the defendants by reason of the construction of the railroad. The jury were instructed to return specific answers to the questions required by our statutes in condemnation proceedings, and they returned a verdict in the form required. In this verdict they found the ownership of the claim in the defendants; they found the surface value of the right of way "to be the sum of $00"; they assessed the damages accruing to the claim not included in the right of way, by reason of its severance from the portion taken for the right of way and used in the construction of the railroad, "to be the sum of $00"; and they found that the portion of the claim not taken by the railroad was benefited by the construction of the railroad "in the sum of $00." On this verdict judgment was entered decreeing the plaintiff its right of way across the property, with costs to the defendants.

1. The appellants assign as error the ruling of the trial court in excluding the testimony of one of the owners of the property, the defendant Marks, as to the value of the whole property as a mine. The evidence was excluded, because the witness was unable to testify as to the market value of the property, his knowledge of the value being based upon his knowledge of this mine and the values of similar mines in other localities. We doubt whether the witness brought himself within the rule, as to the competency of such testimony, laid down in the case of *Montana Railway Co.* v. *Warren*, 137 U. S. 348, 11 Sup. Ct. 96, 34 L. Ed. 681, as claimed by appellants; but the exclusion of his testimony by the court, if such ruling was error, was not such action as calls for a reversal of the judgment. The appellants were in no way harmed thereby. The testimony sought to be introduced was the opinion of the witness as to the value of the whole property as a mine. It was not an inquiry as to the surface value

of the strip taken, or the value of such right of way, but was an inquiry as to the value of the whole property as a mine, and was material, if at all, only as it had a bearing upon the damage, if any, to the operation of the mine by the construction of the railroad across the vein and claim. The defendants introduced two other witnesses to prove such value of the property as a mine, who testified directly and clearly that the value was substantially that alleged in the answer. No evidence was offered by the plaintiff to contradict such testimony as to the value of the property. The evidence of the witness Marks, if admitted, would have been cumulative merely; and as no issue was raised as to such value, or as to the truth of the testimony on the part of the defendants in this regard, the appellants were not injured by the exclusion of the testimony of Marks upon this point.

2. The defendants next assign as error the introduction of testimony, on the part of the plaintiff, showing the general benefits accruing to this and other property in the locality, and the general increase in market value of such properties, by the construction of the railroad; and also the instruction of the court that the jury might consider whether there had been such general benefits or general increase, in assessing the benefit, if any, accruing to the mine by reason of the construction of the railroad. We do not deem it necessary to determine whether the testimony introduced with respect to the benefits that had accrued, and referred to by counsel, was testimony of general benefits, or whether it was testimony of direct and special benefits accruing to the individual piece of property in question, or whether error was committed in the introduction of such testimony, or in the charge of the court; for, so far as the present case is concerned, the admission of the evidence on this point, and the instructions to the jury in regard thereto, afford no grounds for a reversal of the judgment. The jury found that no damages had been suffered, hence there could be no set-off for benefits; and, furthermore, the jury specifically found that no benefits whatever accrued to the mine by reason of the construction of the railroad. The defendants, therefore, were in no way injured by the admission of the evidence or the instructions of the court.

3. It is next urged "that appellants are entitled to recover from the appellee the full value of the land actually taken, and for all injuries appreciably resulting from the construction of the railroad to that part of the mining claims not taken by the appellee." This contention states two correct legal propositions:

It is quite clear that the owner of land sought to be condemned for a right of way is entitled to the full value of the land actually taken. In the case at bar the jury found that the land actually taken had no value at all. We have some doubt whether a verdict which did not even award nominal damages for land taken, but which found that such land, as land, had no value at all, could ordinarily be upheld, where there was any evidence at all given as to such value. We think, as a rule generally applicable to such cases, the jury should find the land of some value, if only of a nominal value. This rule, however, can have no application here, for this question and the right to recover for the value of the strip taken by the railroad was expressly waived by the defendants upon the trial, and in the presence of the jury. The jury were therefore at liberty to render a verdict that the land was worthless under such waiver by the defendants of any claim of damage therefor. This waiver on the part of the defendants for any claim for the value of the right of way is repeated in the following statement in the appellants' reply brief, to wit: "It is admitted that the sole element of damage claimed by appellants is the inconvenience, obstruction, and extra expense to which they are put in the development and operation of the Contention mining claim by the construction of appellee's railroad upon and across said claim." There was therefore no error in the finding of the jury as to the value, or want of value, in the land actually taken.

It is also quite clear that the owner is entitled to compensation for the injuries resulting from the construction of the railroad to the portion of the land not taken by the railroad. The jury found that no such injury had been suffered. But this was a clear issue of fact submitted to them upon conflicting testimony as to whether or not such injury had been suffered. There being substantial evidence to support their verdict in this regard, we are not at liberty to disturb it.

The contention of the defendants as to these two questions, therefore, while correctly stating the law in regard to damages in condemnation proceedings, under the facts in this case affords no ground for a reversal of the judgment.

4. It is further urged that the statute allowing the plaintiff in condemnation proceedings to be let into the use of the property before condemnation is decreed is unconstitutional, as permitting private property to be taken for public use without just compensation, in that the legislature has assumed arbitrarily to determine that ten per cent interest upon the compensation awarded, from the date at which possession is taken, shall be adequate compensation for the use and occupation pending the condemnation proceedings. This question was not raised in the court below, and we do not think it necessary to determine it here. If the contention of the appellants be correct, it would invalidate only that portion of the act relating to possession prior to the final decree which is objected to. It would have no effect here upon the legality of the subsequent proceedings, or the judgment rendered herein. In this case, inasmuch as the jury found that the defendants suffered no damage at all in the premises, it is of no consequence to the defendants whether or not the law provides for the full measure of damages when such have been sustained.

Upon the facts of the case we think that no error was committed that calls for a reversal of the judgment, and that the verdict should stand. The judgment of the court below is therefore affirmed.

Doan, J., and Davis, J., concur.